23CA1921 Peo v Roldan 08-13-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1921
El Paso County District Court No. 17CR835
Honorable Samuel Evig, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Romario Alejandro Roldan,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE GROVE
Gomez and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

---

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Stephen C. Arvin, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Romario Alejandro Roldan appeals the revocation of his probation. We affirm.

## I.     Background

¶ 2     Roldan was convicted of two counts of sexual assault, and the trial court sentenced him to sex offender intensive supervised probation. He appealed his convictions, and a division of this court determined that the two convictions must merge. *See People v. Roldan,* (Colo. App. No. 18CA0569, April 8, 2021) (not published pursuant to C.A.R. 35(e)). The district court amended the mittimus accordingly.

¶ 3     The district court twice revoked and reinstated Roldan's probation. This appeal concerns the court's third probation revocation, which occurred on May 22, 2023. In particular, the court found that Roldan had violated three probation conditions. The condition at issue here required Roldan to refrain from possessing or having access to any firearm, explosive or destructive device, or any other dangerous instrument or weapon.

¶ 4     Following the revocation, the court sentenced Roldan to five years to life in the custody of the Department of Corrections.

## II.    Discussion

¶ 5    Roldan challenges the sufficiency of the evidence supporting the court's determination that he possessed a firearm in violation of condition 4 of his probation.  Because this condition "factored significantly" into the court's decision to revoke his probation, he argues, the probation revocation order should be reversed notwithstanding the fact that the court revoked probation on more than one basis.  We conclude that sufficient evidence supported the court's determination that Roldan violated the challenged condition.  In addition, we reject Roldan's assertion that his violation of condition 4 factored significantly into the court's decision to revoke probation.

### A.    Legal Principles and Standard of Review

¶ 6    "Probation is a privilege, not a right," and may be revoked if a probationer violates any condition of probation.  *People v. Howell*, 64 P.3d 894, 896 (Colo. App. 2002).  Where, as here, a probation revocation complaint is not based on the alleged commission of a criminal offense, the prosecution must establish a defendant's violation of the condition by a preponderance of the evidence.  § 16-11-206(3), C.R.S. 2025.

¶ 7 Whether a person has violated the terms of his probation is a factual determination for the court. *People v. Elder*, 36 P.3d 172, 173 (Colo. App. 2001). If the court finds that a violation has occurred, it has the discretion to decide whether probation should be revoked. *Id.*; *Howell*, 64 P.3d at 896. We won't disturb a court's finding of a violation "merely because there is a conflict in the evidence." *Howell*, 64 P.3d at 897. Nor will we substitute our judgment for that of the district court if the evidence sufficiently supports a finding of a violation. *See People v. Moses*, 64 P.3d 904, 908 (Colo. App. 2002). Ultimately, we won't disturb a decision to revoke probation unless the district court's decision is "against the manifest weight of the evidence." *Elder*, 36 P.3d at 174.

## B.   Analysis

¶ 8 At the revocation hearing, a detective testified about observations he made while surveilling a house belonging to an individual charged in a separate case. The detective testified that he saw Roldan arrive at the house in a car with several others, exit the vehicle, and approach another vehicle parked roughly fifteen yards from the detective. The detective observed the handle of a pistol protruding from Roldan's waistband. According to the

3

detective, the handle was notable because "[i]t wasn't, like, your typical wood handle or a black handle. It was, like, tan or light gold in color" and "had some kind of emblem stamped on it." Although the detective was unfamiliar with Roldan at the time, he reviewed photos of him and became "90% sure" that Roldan was the man with the gun. The detective also confirmed, via in-court identification, that Roldan was the person he saw with the gun.

¶ 9     At some point, law enforcement executed a search warrant at the house that the detective was surveilling. Inside, they found, among other things, a "tan or gold" handgun with "a religious emblem engraved into it." The detective testified that it was the same gun he had seen in Roldan's waistband when Roldan was outside the home.

¶ 10     From this evidence, the district court concluded that Roldan violated "condition number 4" of his probation, which stated that he "will not possess or have access to any firearm, explosive or destructive device, or any other dangerous instrument or weapon." Among other things, the court credited the detective's identification of Roldan as the person he saw with a gun and his testimony that he had seen the described weapon on Roldan's person.

¶ 11     Contrary to Roldan's assertions on appeal, we perceive no deficiency in the evidence supporting his violation of the challenged probationary condition.  Rather, the district court was entitled to rely on the detective's observations, which support a finding by a preponderance of the evidence that Roldan possessed a firearm in violation of his probation.

¶ 12     Roldan offers several reasons why the detective's testimony was insufficient.  He asserts that the prosecution failed to establish that the detective "had any meaningful knowledge of firearms, much less a basis to reliably conclude that what [he] believed to be a handle was part of an actual firearm" rather than "an imitation, a toy, or a prop."  And he asserts that no fingerprint, DNA, photographic, or video evidence was obtained to corroborate the detective's testimony about what he saw.  These assertions go to the weight, not the sufficiency, of the evidence.  And, as the trier of fact, the district court is exclusively responsible for resolving the weight and credibility of the evidence.  *People in Interest of A.V.*, 2018 COA 138M, ¶ 29.

¶ 13     Likewise, we reject Roldan's claim that the detective's testimony was insufficient to connect him to the gun discovered in

the house. The detective's direct observation of the gun in Roldan's waistband was sufficient to support a finding that Roldan possessed a firearm.

¶ 14 In any event, even assuming some deficiency in the evidence supporting the court's finding that Roldan possessed a firearm, we reject the premise that the court would not have otherwise revoked probation. "Where one or more bases for revoking probation are set aside on appeal, the revocation remains valid provided at least one violation is sustained" so long as "the record clearly shows the trial court would have reached the same result even without consideration of the improper factors." *People v. Loveall*, 231 P.3d 408, 416-17 (Colo. 2010).

¶ 15 Here, the court stated, "It is difficult for the Court to overlook at least three different violations of condition 25," and "there were [sic] some really substantial noncompliance with condition 25." The court also noted that it was concerned "about a violation of condition number 20," finding that Roldan spent "three hours" at a bar "purchasing drinks," which it viewed as "not a minor issue." The court then briefly referred to Roldan's possession of a firearm, stating that "the evidence of the gun is not something the Court is

going to overlook." On this record, we cannot agree with Roldan that the court's finding that he possessed a firearm "factored significantly" into the court's decision to revoke his probation, such that without it, the court would not have reached the same decision.

## III. Disposition

¶ 16 The order revoking probation is affirmed.

JUDGE GOMEZ and JUDGE MOULTRIE concur.